UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRY A. UNDERWOOD, | Civil Action No. 18-14900 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| PATRICK NOGAN, et al., | |
| Respondents. | |

This matter has been opened to the Court by Petitioner Terry A. Underwood's ("Petitioner" or "defendant") filing of a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Having reviewed the Petition, Respondent's Answer, Petitioner's Brief in support of an evidentiary hearing, and the relevant record, the Court finds that the Petition is a mixed petition, which is subject to dismissal under *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  As explained in this Memorandum and Order, the Court will require Petitioner to elect one of the following options within 45 days: 1) delete the unexhausted claims (Grounds Four and Five) to permit the Court to rule on his remaining exhausted claims for relief; 2) file a motion to stay the Petition until he fully exhausts Grounds Four and Five in state court; or 3) have the Court dismiss the Petition as a mixed Petition.[1]  If Petitioner elects to file a motion to stay the Petition, the Court will also permit Petitioner to submit an motion to amend, along with an Amended Petition, to clarify the issues he is attempting to raise in Ground Four of his Petition.

---

[1] If Petitioner elects to have the Court dismiss his Petition without prejudice, he may lose the ability to obtain any future habeas relief in federal court.

1

Petitioner was convicted of first-degree murder, N.J.S.A. 2C:11–3(a)(1)–(2), of Theresa Underwood, his pregnant wife. *State v. Underwood*, No. A–5419–14T42017 WL 2979556, at *1–3 (N.J. Super. App. Div. Jul. 13, 2017). The trial judge sentenced him to sixty years' imprisonment, thirty without possibility of parole and subject to terms of parole ineligibility and supervision under the No Early Release Act ("NERA"), N.J.S.A. 2C:43–7.2. The judgment of conviction was entered on April 28, 2000.

On Petitioner's direct appeal from the judgment, the Appellate Division affirmed the conviction but remanded for elimination of the NERA components of the sentence, which did not apply to murder when Petitioner killed Theresa. *State v. Underwood*, No. A–5493–99 (App. Div. July 11, 2003) (slip op. at 40–41) (hereinafter *Underwood* ). Petitioner was resentenced in September 2003, and the Supreme Court denied certification in October 2003. *State v. Underwood*, 178 N.J. 35 (2003).

Petitioner timely filed a petition for PCR on January 29, 2004, which he withdrew and re-filed on April 6, 2006.[2] After receiving discovery on his ineffective assistance claims, Petitioner's PCR was denied without an evidentiary hearing on April 23, 2015, *see* Exhibit 50, Order and written Opinion of the Hon. Francis J. Vernoia, P.J.Cr., denying PCR petition and motion for a new trial, dated April 23, 2015, and the Appellate Division affirmed the denial of PCR in an unpublished opinion on July 13, 2017. *Underwood*, 2017 WL 2979556 2017 at *9.

On August 8, 2017, Petitioner filed a motion for leave to submit his petition for certification as within time, which was granted by the Supreme Court of New Jersey. *See*

---

[2] The Appellate Division noted that "defendant timely filed and re-filed his petition for PCR. The authorizing order provides that the re-filed petition will be treated 'as if within time and as a first PCR [petition] with all rights attendant to a first PCR.'" *Underwood*, 2017 WL 2979556, at *3.

Exhibits 57, 58. On July 6, 2018, the Supreme Court of New Jersey denied certification. *State v. Underwood*, 234 N.J. 115 (2018).

Petitioner submitted the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 27, 2018, and it was docketed on October 18, 2018. *See* ECF No. 1. The Petition raises seven grounds for relief. *See* Addendum II to Petition at 1-12. The Court ordered an Answer, and the Respondents filed their Answer on February 22, 2019. ECF Nos. 2, 4. On February 26, 2020, Petitioner submitted a letter brief in support of his request for an evidentiary hearing as to Grounds One and Two. *See* ECF No. 5.

In Grounds Four and Five of the Petition, Petitioner raises two separate claims asserting that his trial counsel was ineffective for giving Petitioner inadequate advice about his constitutional right to testify 1) at trial (Ground Four) and 2) at his *Miranda* hearing (Ground Five).[3]

The record submitted by Respondents reflects that Petitioner raised Grounds Four and Five to the PCR court and asserted that his trial counsel was ineffective in connection with Petitioner's right to testify at trial and at the *Miranda* hearing. Exhibit 45 at 2, 14-16; however, Petitioner abandoned both issues on appeal from the denial of PCR. Exhibit 53 at 1. The Appellate Division's decision affirming the denial of PCR expressly notes that the PCR court "addressed additional issues that defendant does not challenge" on appeal, including the allegation that trial counsel was ineffective for giving "poor advice" on petitioner's right to

---

[3] Grounds Four and Five assert ineffective assistance of trial counsel and are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which constitutes "clearly established Federal law" for AEDPA purposes. *Williams v. Taylor*, 529 U.S. 362 (2000); *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010).

3

testify at trial and the allegation that trial counsel was ineffective for not advising petitioner on his right to testify at the suppression motion. Exhibit 56 at 5, n.4.

Petitioner also did not explicitly raise either issue as a "question presented" in his petition for certification to the Supreme Court of New Jersey. *See* Exhibit 57. In his pro se petition for certification, however, Petitioner states that he "appeals from all issues raised below" *Id.* at 11. The Supreme Court of New Jersey accepted his petition for certification as within time, Exhibits 57-58, and summarily denied certification on July 6, 2018. Exhibit 60.

Respondents contend that Petitioner failed to exhaust available state remedies by failing to present Grounds Four and Five to the Appellate Division and the New Jersey Supreme Court. *See* Respondent's Answer, Affirmative Defense I. Petitioner did not file a traverse, but he did file a Letter Brief in support of his motion for an evidentiary hearing on February 20, 2020. ECF No. 5. That letter brief does <u>not</u> address exhaustion. There is no indication that Petitioner did not receive Respondents' Answer, which Respondents mailed to him at New Jersey State Prison on February 22, 2019. *See* ECF No. 4-62, Certificate of Service.

A petitioner has the burden of demonstrating that he has exhausted available state remedies. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), as amended (1998) (habeas petitioner carries burden of proving exhaustion of all available state remedies) (citation omitted), cert. denied, 532 U.S. 919 (2001). Indeed, a petition for a writ of habeas corpus "shall not be granted unless ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). It is well established that "section 2254(b)(2) does not provide the district court with the authority to grant relief on the merits where the petitioner fails to exhaust state remedies." *Lambert*, 134 F.3d at 515. To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented <u>at each available level of the state courts.</u>

*Lines v. Larkins*, 208 F.3d 153, 159–161 (3d Cir. 2000); *Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992) ("A claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court). If a petitioner has the right under state law to raise, by any available procedure, the question presented, then he will not be deemed to have exhausted his available state court remedies. *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) (citing 28 U.S.C. § 2254(c) (1997)); *see also Lambert*, 134 F.3d at 513.

Where the unexhausted claims are patently meritless, the Court may also deny petitioner's unexhausted claim on the merits without addressing exhaustion. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of [petitioner's] claims on the merits, we need not address exhaustion"); *Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005) (considering procedurally defaulted claim, and stating that "[u]nder 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here").

A habeas petition that includes unexhausted as well as exhausted claim, *i.e.*, a mixed petition, may also be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). In *Rhines v. Weber*, 544 U.S. 269 (2005), however, the Supreme Court held a district court has the authority to stay a mixed § 2254 petition when a stay would be compatible with AEDPA purposes, *Rhines*, 544 U.S. at 276, and "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication

5

that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* at 278.

Having reviewed the record, Court is unable to determine whether ineffective assistance claims alleged in Grounds Four and Five are patently meritless or procedurally defaulted, *i.e.*, that the state courts would necessarily bar Petitioner from raising these claims in state court. Respondents acknowledge the latter in their Answer, stating: "A fair reading of New Jersey's state post-conviction relief (PCR) statute, N.J. Ct. Rule 3:22-1, et seq., indicates that the state court might well entertain constitutional claims not raised in prior proceedings." Respondents' Answer at 77. Thus, the Court is unable to definitively conclude that Petitioner's habeas claims are procedurally barred at this time. *See, e.g.*, *Mathis v. Attorney Gen. of New Jersey*, 2018 WL 1904818, at *3 (3d Cir. Apr. 23, 2018) (" "we will not presume how the New Jersey courts would rule on' procedural default" absent definitive state court rule precluding review).

In light of Petitioner's pro se status, the Court will not dismiss the Petition as unexhausted at this time. Rather, the Court will give Petitioner forty-five (45) days to elect <u>one of the following options</u>: 1) delete the unexhausted claims (Grounds Four and Five) to allow this Court to rule on his remaining grounds for relief; 2) file a motion to stay his Petition to exhaust Grounds Four and Five in state court; or 3) elect to have the Court dismiss the entire Petition as a mixed Petition. As noted above, if Petitioner elects the third option, he may lose his ability to obtain any federal review of his habeas claims. Petitioner must make his election in writing within 45 days. If Petitioner files a motion to stay his Petition, he must address the requirements as set forth in *Rhines*.[4]

---

[4] That is, he must address whether he has good cause for failing to exhaust, the potential merit of his unexhausted claims, and whether he has engaged in any dilatory tactics.

Finally, to the extent Petitioner seeks a stay, the Court will also provide Petitioner with an opportunity to clarify the issues he wishes to raise in Ground Four.  In his PCR, Petitioner submitted a certification asserting that his counsel was ineffective for failing to allow Petitioner to testify to show third-party guilt.  *See* Exhibit 48, Petitioners certification dated October 27, 2014.  In this certification, Petitioner asserts that he told his counsel that his girlfriend Chantel Fenter was stalking the victim at the time of her murder, that Fenter had had an abortion and then discovered that the victim was pregnant, that Fenter had taken Petitioner's keys and likely made a copy prior to Petitioner getting them back, that Petitioner had never brought Fenter into the couple's apartment or gave her money, as she testified at trial, and that Petitioner suspected that Fenter had entered and stolen items from the apartment on several occasions.  The PCR Court addressed and denied this claim separately from Petitioner's initial IAC claim challenging his attorney's advice not to testify at trial.  Petitioner did not raise this issue on appeal of the denial of his PCR.  Petitioner mentions <u>none of these facts</u> in Ground Four of his federal habeas Petition, and asserts only that his attorney was ineffective for advising him not to testify because only Petitioner could explain the circumstances surrounding his confession so the jury would understand why he made the false confession.  If Petitioner is seeking federal review of this issue, he must submit a motion to amend his Petition, along with a proposed amended Petition within 45 days.  Petitioner must also fully exhaust this issue in state court before proceeding in federal court.

If Petitioner does not respond to the Court's Order within 45 days, Petitioner is further advised that his entire Petition may be dismissed without prejudice as a mixed petition without further notice from this Court.  The Court will administratively terminate this case for docket management purposes, pending Petitioner's response, but retains jurisdiction over this matter.

**IT IS, THEREFORE**, on this _____ day of February 2022,

**ORDERED** that within forty five (45) days of the date of the Order, Petitioner must elect one of the following options in writing: 1) delete the unexhausted claims (Grounds Four and Five); 2) file a motion to stay the Petition until he fully exhausts the Grounds Four and Five in state court; or 3) have the Court dismiss the Petition as a mixed Petition;[5] and it is further

**ORDERED** that if Petitioner elects to file a motion to stay the Petition, he must address the *Rhines* factors in his motion to stay, as outlined above; and it is further

**ORDERED** that if Petitioner files a motion to stay the Petition, he may also submit an motion to amend, along with an Amended Petition, to clarify the issues he is attempting to raise in Ground Four of his Petition, as explained herein; and it is further

**ORDERED** that if Petitioner fails to respond to this Memorandum and Order within the timeframe provided, the Court will dismiss his Petition without prejudice as a mixed petition without further notice; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter pending Petitioner's response to this Memorandum and Order; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge

DATED: February 17th, 2022.

---

[5] If Petitioner elects to have the Court dismiss his Petition without prejudice, he may lose the ability to obtain any further habeas relief in federal court.