UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRY A. UNDERWOOD,<br><br>Petitioner,<br><br>v.<br><br>PATRICK NOGAN, et al.,<br><br>Respondents. | Civil Action No. 18-14900 (FLW)<br><br><br>MEMORANDUM AND ORDER |

This matter has been opened to the Court by Petitioner Terry A. Underwood's ("Petitioner") filing of a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for a stay. *See* ECF Nos. 1, 7. It appearing that:

In a Memorandum and Order dated February 17, 2022, the Court determined that the Petition is a mixed petition, which is subject to dismissal under *Rose v. Lundy*, 455 U.S. 509, 522 (1982).[1] The Court required Petitioner to elect one of the following options: 1) delete the unexhausted claims (Grounds Four and Five) to permit the Court to rule on his remaining

---

[1] In Grounds Four and Five of the Petition, Petitioner raises two separate claims asserting that his trial counsel was ineffective for giving Petitioner inadequate advice about his constitutional right to testify 1) at trial (Ground Four) and 2) at his *Miranda* hearing (Ground Five)The record submitted by Respondents reflects that Petitioner raised Grounds Four and Five to the PCR court and asserted that his trial counsel was ineffective in connection with Petitioner's right to testify at trial and at the *Miranda* hearing. Exhibit 45 at 2, 14-16; however, Petitioner abandoned both issues on appeal from the denial of PCR. Exhibit 53 at 1. The Appellate Division's decision affirming the denial of PCR expressly notes that the PCR court "addressed additional issues that defendant does not challenge" on appeal, including the allegation that trial counsel was ineffective for giving "poor advice" on petitioner's right to testify at trial and the allegation that trial counsel was ineffective for not advising petitioner on his right to testify at the suppression motion. Exhibit 56 at 5, n.4.

1

exhausted claims for relief; 2) file a motion to stay the Petition until he fully exhausts Grounds Four and Five in state court; or 3) have the Court dismiss the Petition as a mixed Petition.[2]

The Court also explained that if Petitioner elected to file a motion to stay the Petition, Petitioner should submit an motion to amend, along with an Amended Petition, to clarify his claims in Ground Four.  As relevant here, in his PCR, Petitioner submitted a certification asserting that his counsel was ineffective for failing to allow Petitioner to testify to show third-party guilt.  *See* Exhibit 48, Petitioners certification dated October 27, 2014.  In this certification, Petitioner asserts that he told his counsel that his girlfriend Chantel Fenter was stalking the victim at the time of her murder, that Fenter had had an abortion and then discovered that the victim was pregnant, that Fenter had taken Petitioner's keys and likely made a copy prior to Petitioner getting them back, that Petitioner had never brought Fenter into the couple's apartment or gave her money, as she testified at trial, and that Petitioner suspected that Fenter had entered and stolen items from the apartment on several occasions.  The PCR Court addressed and denied this claim separately from Petitioner's initial IAC claim challenging his attorney's advice not to testify at trial.  Petitioner did not raise this issue on appeal of the denial of his PCR.

In Ground Four of his federal habeas Petition, Petitioner asserts only that his attorney was ineffective for advising him not to testify because Petitioner could have explained the circumstances surrounding his confession so the jury would understand why he made the false confession.  Petitioner does <u>not</u> allege in Ground Four of his current Petition that his counsel was also ineffective for failing to allow him to testify about Chantel Fenter to show third-party guilt.  *See* ECF No. 1-2, Addendum 2 to Petition at 10.  In its Memorandum and Order dated February

---

[2] If Petitioner elects to have the Court dismiss his Petition without prejudice, he may lose the ability to obtain any future habeas relief in federal court.

17, 2022, the Court explained that if Petitioner is seeking federal review of this issue, he must submit a motion to amend his Petition, along with a proposed amended Petition that clarifies the claims he seeks to bring in Ground Four.

Petitioner thereafter submitted the instant motion to stay the petition, and he indicates that he wishes to return to state court to exhaust Grounds Four and Five of the Petition. Petitioner also specifically states that he wishes to preserve for federal review his claim that his attorney was ineffective for failing to allow him to testify about Chantel Fenter to show third-party guilt, and that he also intends to seek additional DNA testing of the evidence recovered from the victim's fingernails.[3] *See* ECF No. 7. Petitioner, however, has not submitted an Amended Petition that includes his claim that his attorney was ineffective for failing to allow him to testify regarding about Chantel Fenter to show third-party guilt. Because his current Petition does not include those facts in Ground Four of the Petition, this issue is <u>not</u> preserved for federal habeas review, even if the Court were to grant Petitioner's motion to stay the Petition.

At this time, the Court will terminate the motion for a stay, ECF No. 7, and provide Petitioner with 30 days to submit a signed Amended Petition that all his federal claims, including his claim that his attorney was ineffective for failing to permit him to testify regarding the third-party guilt of Chantel Fenter. Once Petitioner submits the Amended Petition, the Court will reactivate and rule on the motion to stay. To be clear, if Petitioner fails to submit an Amended Petition within the timeframe provided, his claim that his attorney was ineffective for failing to permit him to testify about Chantel Fenter to show third-party guilt will <u>not</u> be preserved for federal review.

---

[3] Respondents take no position on Petitioner's motion to stay the Petition. *See* ECF No. 8.

The Court will administratively terminate this case for docket management purposes, pending Petitioner's submission of the Amended Petition, but retains jurisdiction over this matter.

**IT IS, THEREFORE**, on this  22nd  day of November 2022,

**ORDERED** that this matter shall be marked as OPEN; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE the motion to stay, ECF No. 7, for docket management purposes; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank Petition for Relief From a Conviction or Sentence By a Person in State Custody Under 28 U.S.C. 2254; and it is further

**ORDERED** that within thirty (30) days of the date of the Order, Petitioner shall submit <u>a signed Amended Petition</u> that includes all his federal claims for relief, including his claim that his attorney was ineffective for failing to allow him to testify regarding Chantel Fenter to show third-party guilt; and it is further

**ORDERED** that the Court will reactivate Petitioner's motion for a stay once he submits a signed Amended Petition or the time to do so expires; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter at this time; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

*s/Freda L. Wolfson*
Freda L. Wolfson
U.S. Chief District Judge
