UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TERRY A. UNDERWOOD,** | Civil Action No. 18-14900 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| **PATRICK NOGAN, et al.,** | |
| Respondents. | |

This matter has been opened to the Court by Petitioner Terry A. Underwood's ("Petitioner") filing of a motion for a stay and a motion to amend. *See* ECF Nos. 7, 10. It appearing that:

In a Memorandum and Order dated February 17, 2022, the Court determined that Petitioner's original petition is a mixed petition that is subject to dismissal under *Rose v. Lundy*, 455 U.S. 509, 522 (1982).[1] The Court required Petitioner to elect one of the following options: 1) delete the unexhausted claims (Grounds Four and Five) to permit the Court to rule on his

---

[1] In Grounds Four and Five of the Petition, Petitioner raises two separate claims asserting that his trial counsel was ineffective for giving Petitioner inadequate advice about his constitutional right to testify 1) at trial (Ground Four) and 2) at his *Miranda* hearing (Ground Five). The record submitted by Respondents reflects that Petitioner raised Grounds Four and Five to the PCR court and asserted that his trial counsel was ineffective in connection with Petitioner's right to testify at trial and at the *Miranda* hearing. Exhibit 45 at 2, 14-16; however, Petitioner abandoned both issues on appeal from the denial of PCR. Exhibit 53 at 1. The Appellate Division's decision affirming the denial of PCR expressly notes that the PCR court "addressed additional issues that defendant does not challenge" on appeal, including the allegation that trial counsel was ineffective for giving "poor advice" on petitioner's right to testify at trial and the allegation that trial counsel was ineffective for not advising petitioner on his right to testify at the suppression motion. Exhibit 56 at 5, n.4.

remaining exhausted claims for relief; 2) file a motion to stay the Petition until he fully exhausts Grounds Four and Five in state court; or 3) have the Court dismiss the Petition as a mixed Petition.  The Court also explained that if Petitioner elected to file a motion to stay the Petition, Petitioner should submit a motion to amend, along with an Amended Petition, to clarify his claims in Ground Four.

On April 6, 2022, Petitioner filed a motion to stay the Petition, but he did not submit an Amended Petition.  *See* ECF No. 7.  On November 22, 2022, the Court directed the Clerk to administratively terminate the motion for a stay and provided Petitioner with 30 days to submit a signed Amended Petition that includes all his federal claims.  ECF No. 9.

On December 19, 2022, Petitioner submitted to prison officials a signed Amended Petition and a supporting Memorandum, along with a motion to amend.[2]  *See* ECF Nos. 10-1, 10-2, 10-3.  At this time, the Court grants the motion to amend and directs the Clerk of the Court to file the Amended Petition and supporting Memorandum.  ECF Nos. 10, 10-2, 10-3.  The Court also grants Petitioner's motion to stay, ECF No. 7, to permit Petitioner to exhaust Grounds Four and Five of the Amended Petition in state court, and directs the Clerk of the Court to administratively terminate this matter accordingly.

Within 60 days of the conclusion of his state court proceedings, Petitioner shall move to reopen this matter if he still wishes to seek federal habeas relief.  Petitioner is hereby notified that failure to move to reopen the matter within the 60-day period may result in the dismissal of the Amended Petition.

**IT IS, THEREFORE**, on this 26th day of January 2023,

**ORDERED** that this matter shall be marked as OPEN; and it is further

---

[2] The Court provided leave for Petitioner to submit an amended petition.

**ORDERED** that the motion to amend, ECF No. 10, is GRANTED; and it is further

**ORDERED** that the Amended Petition and supporting memorandum, ECF Nos. 10-2, 10-3, shall be filed; and it is further

**ORDERED** that Petitioner's motion for a stay, ECF No. 7, is GRANTED; this matter shall be STAYED; and it is further

**ORDERED that within sixty (60 ) days of the conclusion of his state court proceedings, Petitioner shall move to reopen this matter if he still wishes to seek federal habeas relief.  Petitioner is hereby notified that failure to move to reopen the matter within this time period may result in the dismissal of the Amended Petition; and it is further**

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter during the pendency of the stay; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.


/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge